UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| JOGAAK D. JOGAAK, a/k/a Jogaak Jogaak,<br><br>Plaintiff,<br><br>vs.<br><br>SANDRA HOGLUND HANSON, Circuit Court Judge,<br><br>Defendant. | 4:22-CV-04102-LLP<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS AND REQURING PLAINTIFF TO PAY AN INTIAL PARTIAL FILING FEE |

Plaintiff, Jogaak D. Jogaak, an inmate at the South Dakota State Penitentiary, filed a pro se civil rights lawsuit under 42 U.S.C. § 1983. Doc. 1. Jogaak moves for leave to proceed in forma pauperis and has included his prisoner trust account report. Docs. 3, 4. Jogaak also moves for appointment of counsel. Doc. 2.

I. **Motion for Leave to Proceed in Forma Pauperis**

Under the Prison Litigation Reform Act, a prisoner who "brings a civil action or files an appeal in forma pauperis . . . shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). The court may, however, accept partial payment of the initial filing fee where appropriate. Therefore, "[w]hen an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceeding or over a period of time under an installment plan." *Henderson v. Norris*, 129 F.3d 481, 483 (8th Cir. 1997) (alteration in original) (quoting *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997)).

The initial partial filing fee that accompanies an installment plan is calculated according to 28 U.S.C. § 1915(b)(1), which requires a payment of 20 percent of the greater of:

(A)   the average monthly deposits to the prisoner's account; or

 (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

Jogaak filed a prisoner trust account report that shows his average monthly deposits for the past six months as $66.69 and his average monthly balance for the past six months as $35.91. Doc. 4 at 1. Based on this information, the Court grants Jogaak leave to proceed in forma pauperis. Jogaak must pay the initial partial filing fee of $13.34, which is 20 percent of his average monthly deposit for the past six months ($66.69). Jogaak must pay his initial partial filing fee of $13.34 by September 1, 2022. Failure to pay the filing fee by September 1, 2022, will result in dismissal without prejudice of Jogaak's complaint.

In order to pay the remainder of his filing fee, Jogaak must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). The statute places the burden on the prisoner's institution to collect the additional monthly payments and forward them to the Court as follows:

> After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). The installments will be collected pursuant to this procedure.

The clerk of the court will send a copy of this order to the appropriate financial official at plaintiff's institution. Jogaak will remain responsible for the entire filing fee as long as he is a prisoner, even if the case is dismissed at some later time. *See In re Tyler*, 110 F.3d 528, 529–30 (8th Cir. 1997).

## II. Motion for Appointment of Counsel

Jogaak has filed a motion to appoint counsel. Doc. 2. "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d

538, 546 (8th Cir. 1998). In determining whether to appoint counsel to a pro se litigant, the Court considers the complexity of the case, the ability of the litigant to investigate the facts, the existence of conflicting testimony, and the litigant's ability to present his claims. *Id.* At this time, Jogaak's claims do not appear to be too complex, and Jogaak is able to investigate the facts and present his claims adequately. The Court remains open to the possibility of appointing counsel if this case proceeds beyond the motion stage. It is one thing to well represent one's position on paper to the court, and it is yet another to be able to adequately try a case to a jury. Thus, this Court denies Jogaak's motion to appoint counsel.

Thus, it is ORDERED:

1. That Jogaak's motion to proceed in forma pauperis (Doc. 3) is granted.

2. Jogaak must pay his initial partial filing fee of **$13.34 by September 1, 2022**, or his complaint will be dismissed without prejudice. The Court will conduct a 28 U.S.C. § 1915A screening after he pays his initial partial filing fee.

3. That the institution having custody of Jogaak is directed that whenever the amount in Jogaak's trust account, exclusive of funds available to him in his frozen account, exceeds $10.00, monthly payments that equal 20 percent of the funds credited the preceding month to Jogaak's trust account shall be forwarded to the U.S. District Court Clerk's Office under 28 U.S.C. § 1915(b)(1) until the $350 filing fee is paid in full.

4. That Jogaak's motion for appointment of counsel (Doc. 2) is denied.

DATED August 2, 2022.

ATTEST:
MATTHEW W. THELEN, CLERK

BY THE COURT:

Lawrence L. Piersol
United States District Judge