UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| JOGAAK D. JOGAAK, a/k/a Jogaak Jogaak,<br><br>Plaintiff,<br><br>vs.<br><br>SANDRA HOGLUND HANSON, Circuit Court Judge, in her official capacity,<br><br>Defendant. | 4:22-CV-04102-LLP<br><br>1915A SCREENING ORDER FOR DISMISSAL |

Plaintiff, Jogaak D. Jogaak, an inmate at the South Dakota State Penitentiary, filed a pro se lawsuit under 42 U.S.C. § 1983. Doc. 1.[1] He filed a motion for leave to proceed in forma pauperis and provided a prisoner trust account report. Docs. 3, 4. Jogaak has also filed a motion for subpoena, a motion for discovery, a motion for pretrial conference, and a motion to consolidate cases. Docs. 10, 12, 13, 14. This Court granted Jogaak's motion to proceed in forma pauperis on August 2, 2022, and required him to pay an initial partial filing fee of $13.34. Doc. 9. Jogaak has timely paid his initial filing fee. This Court will now screen Jogaak's complaint under 28 U.S.C. § 1915A.

**FACTUAL BACKGROUND**

---

[1] Jogaak filed a second civil complaint form in which he named the same defendant and made similar allegations. *See* Doc. 15. In this second civil complaint form, Jogaak checked the box for a *Bivens* claim, rather than a § 1983 claim. *Id.* at 3. *Bivens* actions are reserved for when a federal official has violated a plaintiff's Constitutional rights. *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Jogaak later submitted a document in which he stated that he "filed document 15 in error." Doc. 17 at 3. This Court construes Jogaak's second civil complaint form and attached document as a factual supplement to his initial complaint but not as additional *Bivens* claims because Judge Sandra Hoglund Hanson is a state official and not a federal official. *See* Doc. 15.

1

Jogaak claims that Judge Sandra Hoglund Hanson of the Second Judicial Circuit of the State of South Dakota "refused to hear [his] appeal." *See* Docket 1 at 4. He claims that Judge Hanson "defeat[ed] in a perverse manner, the due course of justice in the state of [South Dakota] with intent to deny [him] the equal protection of the laws as a citizen by ordering [his] habeas corpus be denied." *Id.* He claims that Judge Hanson "oppressed [him] by illegally dismissing [his] habeas petition before letting [him] be herd [sic]." Doc. 15 at 5. Jogaak alleges that Judge Hanson was negligent and that she violated his Fourteenth Amendment rights. Doc. 1 at 4. He alleges that his "confinement to the state" violates his Eighth Amendment rights. *Id.* at 5. He also accuses Judge Hanson of gaming the system, legal abuse, legal malpractice, and judicial misconduct. Doc. 16-1 at 2-4. Jogaak attaches an order from Judge Hanson in which she found his habeas petition moot because he was on probation at the time and thus was not "committed, detained, imprisoned, or restrained of his liberty" as required under South Dakota law. Doc. 18-1 at 7-8 (quoting *Bostick v. Weber*, 692 N.W.2d 517, 519 (S.D. 2005)).

Jogaak claims that Judge Hanson has caused him depression and anxiety. Doc. 1 at 4-5. He requests that "the defendant be seized and dealt with according to law." *Id.* at 7. He asks this Court to subpoena documents filed in his state court habeas corpus petition. *See id.* He also asks this Court for money damages for the violation of his rights. Doc. 5 at 2-3; Doc. 15 at 11.

## LEGAL BACKGROUND

The court must assume as true all facts well pleaded in the complaint. *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 36 (8th Cir. 1995). Pro se and civil rights complaints must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted); *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 839 (8th Cir. 2004) (citation omitted). Even with this construction, "a pro se complaint must contain specific facts supporting its conclusions." *Martin*

v. *Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) (citation omitted); *see also Ellis v. City of Minneapolis*, 518 F. App'x 502, 504 (8th Cir. 2013) (per curiam) (citation omitted).

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). If it does not contain these bare essentials, dismissal is appropriate. *See Beavers v. Lockhart*, 755 F.2d 657, 663-64 (8th Cir. 1985). *Twombly* requires that a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true[.]" 550 U.S. at 555 (internal citation omitted); *see also Abdullah v. Minnesota*, 261 F. App'x 926, 927 (8th Cir. 2008) (per curiam) (noting that a "complaint must contain either direct or inferential allegations respecting all material elements necessary to sustain recovery under some viable legal theory" (citing *Twombly*, 550-U.S. at 553-63)). Under 28 U.S.C. § 1915A, the court must screen prisoner complaints and dismiss them if they "(1) [are] frivolous, malicious, or fail[] to state a claim upon which relief may be granted; or (2) seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). The court will now assess each individual claim under 28 U.S.C. § 1915A.

## DISCUSSION

### I. Claims Against Judge Hanson

Jogaak claims that Judge Hanson violated his Eighth and Fourteenth Amendment rights when she dismissed his habeas petition without a hearing. *See* Doc. 1 at 4-5; Doc. 15 at 4; *see also* Doc. 18-1 at 7-8. Judges are generally immune from suit if the judge had jurisdiction over the party. See *Stump v. Sparkman*, 435 U.S. 349, 356 (1978) ("[T]he necessary inquiry in determining whether a defendant judge is immune from suit is whether at the time he took the

challenged action he had jurisdiction over the subject matter before him."). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.' " *Id.* at 356-57 (quoting *Bradley v. Fisher*, 80 U.S. 335, 351 (1871)). Judges are immune from suit with two narrow exceptions. *See Schottel v. Young*, 687 F.3d 370, 373 (8th Cir. 2012). "First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id.* (quoting *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991)).

These exceptions do not apply here. Judge Hanson's dismissal of Jogaak's state court habeas petition was an action taken in her judicial capacity, and Jogaak has made no showing that Judge Hanson lacked jurisdiction over his petition. *See* Doc. 1 at 4-5. Thus, Jogaak's claims again Judge Hanson are dismissed with prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(iii) and 1915A(b)(2).

## II.    Strike Under 28 U.S.C. § 1915(g)

The court finds that Jogaak's complaint fails to state a claim upon which relief may be granted. Section 1915(g) states as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The Eighth Circuit has explained that "[d]ismissals based on immunity are not among the types of dismissals listed as strikes in [§] 1915(g)[.]" *Castillo-Alvarez v. Krukow*,

768 F.3d 1219, 1220 (8th Cir. 2014) (per curiam). Jogaak's complaint is dismissed based on Judge Hanson's judicial immunity. Thus, this dismissal does not constitute a strike.

Accordingly, it is ORDERED:

1. That Jogaak's complaint, Doc. 1, is dismissed with prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(iii) and 1915A(b)(2).

2. That Jogaak's motion for subpoena, Doc. 10, is denied as moot.

3. That Jogaak's motion for discovery, Doc. 12, is denied as moot.

4. That Jogaak's motion for pretrial conference, Doc. 13, is denied as moot.

5. That Jogaak's motion to consolidate cases, Doc. 14, is denied as moot.

DATED November 22, 2022.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK